IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Phyllis Cummerlander, et al.,    :
                                          Case No. 2:13-cv-0329
          Plaintiffs,            :
                                          JUDGE ALGENON L. MARBLEY
     v.                          :
                                          Magistrate Judge Kemp
Patriot Preparatory Academy,
     et al.,                     :

          Defendants.            :


OPINION AND ORDER

     Phyllis Cummerlander filed this case as parent and guardian
of her minor son, referred to as "JT."  The case revolves around
a short suspension from school which was imposed on JT when he
supposedly tested positive for marijuana use - a charge he denied
and which, according to the complaint, he successfully refuted.

     Ms. Cummerlander has now moved for leave to file an amended
complaint.  The proposed complaint would do three things:
identify a John Doe defendant, add a tort claim for spoliation of
evidence, and drop claims that defendants violated the Family
Educational Rights and Privacy Act (FERPA).  Defendants oppose
only the addition of a spoliation of evidence claim, and only on
grounds that the complaint does not adequately plead facts to
support that claim.  For the following reasons, the Court will
grant the motion in its entirety.

I.  Legal Standard

     Fed.R.Civ.P. 15(a)(2) states that when a party is required
to seek leave of court in order to file an amended pleading,
"[t]he court should freely give leave when justice so requires."
Defendants acknowledge this general rule and do not argue that
the proposal to amend the complaint is untimely or that they

would suffer some prejudice from the process - two of the most common reasons for denying leave to amend.  They argue, however, that the spoliation claim could not survive a motion to dismiss when judged by the Rule 12(b)(6) standard set out in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Under that standard, the Court must separate out legal conclusions, which are given no weight in the analysis, from factual allegations, and must then determine if the factual allegations of the complaint plausibly support a theory under which defendants could be liable.  This standard is not intended to create a rigid framework for evaluating the sufficiency of pleadings, however; as the Supreme Court said in Iqbal, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 679.

There is some conceptual difficulty presented when the primary basis for a party's opposition to the filing of an amended pleading is that the pleading is futile, *i.e.* that it fails to state a claim upon which relief can be granted.  A Magistrate Judge cannot ordinarily rule on a motion to dismiss, see 28 U.S.C. §636(b)(1)(A), and denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim.

At least where the claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss.  Even a District Judge may choose to adopt this approach: "The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be

-2-

dismissed." <u>Morse/Diesel, Inc. v. Fidelity and Deposit Co. of
Md.</u>, 715 F.Supp. 578, 581 (S.D.N.Y. 1989).  Consequently, rather
than determining the actual legal sufficiency of the new claim,
in many cases it will suffice to determine if there is a
substantial argument to be made on that question and, if so, to
allow the amended pleading to be filed with the understanding
that a motion to dismiss for failure to state a claim may follow.

Here, the Court will, for the reasons stated below, do
slightly more than simply decide if Ms. Cummerlander could
present a substantial argument in opposition to any Rule 12(b)(6)
motion that might be filed.  Although, if such a motion is filed,
the District Judge will be the final decision-maker, this Court
believes that any argument about the sufficiency of the
spoliation claims pleaded in the amended complaint is likely to
be resolved in Ms. Cummerlander's favor.  That is more than
enough to justify allowing her to file her proposed amended
complaint.

## II.  <u>Discussion</u>

The Court begins with a question raised by the parties'
competing memoranda: whether federal or state law supplies the
elements of a cause of action for spoliation of evidence.  Ms.
Cummerlander argues that because her case invokes the Court's
federal question jurisdiction (Count One arises under 42 U.S.C.
§1983), federal law also applies to the spoliation claim.
Defendants argue the opposite.  They are correct.

In <u>Adkins v. Wolever</u>, 554 F.3d 650 (6th Cir. 2009), the
Court of Appeals held that sanctions for spoliation of evidence
are procedural in nature and that federal law controls their
imposition.  However, that decision does not directly address the
existence of a federal common law claim, independent of any
sanction the Court might assess, which is founded on spoliation
of evidence.  To the extent that the complaint simply seeks to

include a claim for evidentiary sanctions for spoliation of evidence, that claim would governed by federal law.  See, e.g., Pelas v. EAN Holdings, L.L.C., 2012 WL 2339685 (E.D. La. June 19, 2012).  But the complaint clearly seeks to do more than that, and to plead a stand-alone tort claim for destruction or failure to preserve evidence.

At least one district court in Ohio has held that there is no free-standing tort claim for spoliation under federal common law.  See R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F.Supp.2d 878 (N.D. Ohio 2009), aff'd on other grounds 606 F.3d 262 (6th Cir. 2010).  Bray v. Unified Property Group, LLC, 2012 WL 5363792 (E.D. Mich. Oct. 30, 2012) came to the same conclusion.  The cases cited by Ms. Cummerlander do not hold otherwise.  See, e.g., Pollard v. City of Columbus, 2013 WL 5334028 (S.D. Ohio Sept. 23, 2013)(dealing with the issue of spoliation in the context of a motion for sanctions).  The Court has not located any case where such a claim was implied under federal common law.  Because Ms. Cummerlander has attempted to plead an independent tort claim for spoliation, that claim can only arise under Ohio law.

The Ohio Supreme Court, in an opinion answering a question certified to it by this Court, held the following:

> (1) A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts; (2b) such a claim should be recognized between the parties to the primary action and against third parties; and (3) such a claim may be brought at the same time as the primary action.

-4-

<u>Smith v. Howard Johnson Co., Inc.</u>, 67 Ohio St.3d 28 (1993).
Consequently, the question here is whether the amended complaint
satisfies these pleading requirements.

According to defendants, the proposed amended complaint
makes no plausible allegations concerning several of the elements
of this tort.  In particular, defendants argue that

> The proposed additional cause of action does not allege
> any facts regarding notice to the defendants that
> litigation regarding Plaintiff JT's urine test was
> probable, that any of the defendants intended to
> interfere in the pursuit of litigation by allegedly
> discarding the urine collected from Plaintiff and the
> instructions for using the test kit, or that the
> alleged destruction of the evidence has, in fact,
> interfered in Plaintiffs' pursuit of their claims.

Defendants' memorandum in opposition, Doc. 24, at 3.

The Court has examined the proposed amended complaint in
detail and, for the following reasons, does not find defendants'
argument to be persuasive.  These are the key allegations of that
pleading:

1.  JT was tested for marijuana use on April 20, 2012.

2.  The test was read (or misread) as positive.

3.  JT was sent home and told that he could not return
unless he subsequently submitted a negative test.

4.  JT not only passed a drug test administered by
Children's Hospital, but also showed photographs of the school's
test results to a private laboratory, which concluded that the
school's test was negative.

5.  JT's counsel contacted defendants about the test results
and the suspension as early as April 23, 2012.

6.  Defendants either knew or should have known that
litigation over JT's removal from school was probable.

7.  Despite that knowledge, they destroyed or failed to
maintain evidence about the testing process - and, more

-5-

specifically, neither the test results nor the written test procedures were preserved as evidence.

The Court notes that additional information concerning this claim is attached to the reply memorandum, but the Court may not consider that information in judging the sufficiency of the proposed amended complaint.  Nonetheless, the factual allegations in that complaint are enough to plausibly assert, through factual statements and not just legal conclusions, that a situation as serious as removal of a student from school based on allegations of drug use could, if those allegations were unfounded, lead to litigation, and that within days after the test, JT and his family had retained legal counsel.  The complaint alleges that defendants also knew within days of his suspension that JT was subsequently tested and that the results of that test differed from the test they administered and interpreted.  It is at least a plausible inference from these facts that any destruction or failure to maintain the test protocol or results was willful and that defendants knew the loss of this evidence could make it less likely that, in litigation, JT could prove specific defects in the procedure or the test.  Thus, it appears fairly likely that the amended complaint would survive a motion to dismiss.

As the Court has pointed out, some additional facts concerning the nature and timing of counsel's contact with defendants are contained in exhibits to the reply memorandum. Ordinarily, when the Court grants a motion for leave to file an amended complaint, it either directs the Clerk to detach and file the proposed pleading or directs the moving party to file and serve an identical copy.  Here, however, the Court does not wish to preclude Ms. Cummerlander from bolstering her factual allegations with the material attached to the reply memorandum if she wishes to do so.  The Court therefore grants her motion for leave to amend (Doc. 22) but will permit her to file an amended

complaint within seven days which contains the same claims and names the same parties as the proposed amended complaint, but which may include additional factual allegations about the spoliation claim should Ms. Cummerlander choose to include them. This order does not, of course, preclude defendants from moving to dismiss the spoliation claim if they believe they have a good faith basis for doing so.

### III.  Motion to Reconsider

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.


/s/ Terence P. Kemp
United States Magistrate Judge

-7-