IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Phyllis Cummerlander, et al.,     :

                                             Case No. 2:13-cv-0329

        Plaintiffs,        :

                                             JUDGE ALGENON L. MARBLEY

    v.                             :

                                             Magistrate Judge Kemp

Patriot Preparatory Academy,
    et al.,                       :

        Defendants.         :

OPINION AND ORDER

    This matter is before the Court on several motions.  More specifically, currently before the Court for consideration are plaintiffs' motion for leave to serve additional interrogatories instanter (Doc. #43), plaintiffs' motion to compel defendant Pamela Gould to comply with discovery (Doc. #46), plaintiffs' motion to compel defendant Patriot Preparatory Academy to comply with discovery (Doc. #48), defendants' motion to compel plaintiffs to produce evidentiary materials related to their alleged damages (Doc. #47), and defendants' motion to extend the expert disclosure deadline (Doc. #49).

    For the reasons set forth below, plaintiffs' motion for leave to serve additional interrogatories instanter
will be denied (Doc. #43), plaintiffs' motion to compel Ms. Gould to comply with discovery will be granted in part and denied in part (Doc. #46), plaintiffs' motion to compel defendant Patriot Preparatory Academy to comply with discovery will be granted in part and denied in part (Doc. #48), defendants' motion to compel plaintiffs to produce evidentiary materials related to their alleged damages will be granted in part and denied in part (Doc. #47), and defendants' motion to extend the expert disclosure deadline will be granted (Doc. #49).

## I. Background

Phyllis Cummerlander filed this case as parent and guardian of her minor son, referred to as "JT."  The case revolves around a short suspension from school which was imposed on JT when he supposedly tested positive for marijuana use – a charge he denied and which, according to the amended complaint, he successfully refuted.  Ms. Cummerlander filed this action on her own behalf and on behalf of JT against JT's school, Patriot Preparatory Academy, Inc. d/b/a Patriot Preparatory Academy ("Patriot Academy"), superintendent H. David McIlrath, administrator and secondary principal Sean Smith, teacher Charles A. Kabealo, school nurse Pamela Gould, and a minor and student at the school referred to as "CP."  The amended complaint sets forth claims for a violation of 42 U.S.C. §1983 based on denial of the rights guaranteed by the Fourth Amendment to the United States Constitution (count I), interference with and/or destruction of evidence (count II), defamation (count III), a violation of 42 U.S.C. §1983 based on civil conspiracy (count IV), tortious misconduct based on negligent misidentification (count V), and filial consortium (count VI).  Plaintiffs seek 1.5 million dollars in damages.

## II.  Discussion

The Court first examines plaintiffs' motions and next examines defendants' motions.

### A. Plaintiffs' Motion for Leave to Serve Additional Interrogatories Instanter

This Court first examines plaintiffs' motion for leave to serve additional interrogatories instanter.  (Doc. #43).  Prior to filing the motion, plaintiffs served seven interrogatories on Patriot Academy, thereby exceeding the twenty-five interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1).  According to plaintiffs, they served the interrogatories without seeking leave

of Court based on the following:

> (a). Rule 26(f) conference experience wherein counsels [sic], in response to concern regarding the limit, agreed with the suggestion of the court to act reasonably with respect to interrogatories in excess of twenty-five;
>
> (b). Plaintiffs [sic] counsel has acted reasonably with respect to service of interrogatories in excess of the limit and, as a result, has never served interrogatories in excess of the limit challenged on that ground; and
>
> (c). Defendants did not object, and indeed substantively responded, to interrogatories in excess of the limit served on Defendant Pamela Gould.

Id. at 2 (footnotes omitted).  Plaintiffs argue that Patriot Academy refused to answer the interrogatories numbered 3-9 and "went so far as to refuse to participate in a Local Rule 37.1 informal conference to deal with this discovery dispute...."  Id. at 2-3.  Plaintiffs generally argue that the interrogatories seek relevant, discoverable, and "non-duplicative information not more conveniently available elsewhere," but they do not include the substance of the interrogatories in the motion.  Id. at 3.

    Defendants collectively oppose plaintiffs' motion, arguing that Patriot Academy declined to respond to the seven interrogatories on the ground that they exceed the maximum number of interrogatories permitted by Fed. R. Civ. P. 33(a). Defendants argue:

> Plaintiffs have not provided with its [sic] motion the interrogatories that are the subject of the request. Plaintiffs have not complied with the requirements of Rule 37(a) of the Federal Rules, and Rule 37.2 of the Local Rules.  This is an ongoing discovery dispute, and therefore Plaintiff [sic] must not only inform the court of the discovery requests that are in dispute, but also provide the court with evidence and an affidavit addressing good faith efforts to resolve the dispute.

(Doc. #44 at 1).  Defendants further assert that the Court should deny the motion based upon Fed. R. Civ. P. 26(b)(2)(C) because

the discovery requested is unreasonably cumulative and
duplicative, and plaintiffs fail to make a particularized showing
as to why the additional interrogatories are necessary.  Finally,
defendants argue that Ms. Gould responded to additional
interrogatories because this Court directed her to do so in an
informal conference.  Defendants argue that they "should not be
punished for their willingness to participate in the informal
discovery dispute resolution process, and for having respected
the wishes of the magistrate."  Id. at 4.

In reply, plaintiffs assert that they indeed complied with
Rule 37 and attach "additional documentation which separately
certifies as to the Rule 37 conference requirement." (Doc. #45
at 3).  Plaintiffs argue that they should not be required to set
forth the need for the additional interrogatories.  Nevertheless,
plaintiffs contend that if they must show need, the following
satisfies that requirement:

> Interrogatory No. 3 seeks information regarding potential
> witnesses i.e., students in the homeroom when JT
> allegedly said he smoked marijuana. This responds to the
> Magistrate's informal discovery dispute conference
> suggestion that this information should be requested by
> interrogatory rather than as a Rule 26(a)(1) initial
> disclosure. Interrogatories 4-6 seek information
> relevant to the drug testing kit used by the Academy to
> conclude that JT smoked marijuana. This information,
> necessarily circumstantial as a consequence of the
> Academy [sic] destruction of the kit actually used, bears
> on the validity of the drug test and, as a result, the
> efficacy of Defendants claim that JT smoked marijuana.
> Interrogatory No. 7 bears on Defendants claim that
> consent was provided for the drug test administered to
> JT.  Interrogatory No. 8 speaks to the reasonableness of
> testing JT for marijuana.  Interrogatory No. 9 seeks
> information regarding Defendants claim that JT not only
> used marijuana but also possessed it for sale and/or
> distribution.

Id. at 4.  Based on the foregoing, plaintiffs argue that "[e]ach
of the Additional Interrogatories is clearly relevant and

consequently 'necessary.'" Id.

Fed. R. Civ. P. 33 states, in pertinent part, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Here, there is no dispute that plaintiffs served, and Patriot Academy answered, 25 written interrogatories. Consequently, the additional interrogatories, without stipulation or leave of Court, are prohibited under Fed. R. Civ. P. 33. Fed. R. Civ. P. 33 also provides, however, that leave to serve additional interrogatories may be granted to the extent consistent with Fed. R. Civ. P. 26(b)(2).

In their motion, plaintiffs make general assertions that the interrogatories are relevant, discoverable, and non-duplicative. They also argue that defendants are taking a "hyper-technical application of the twenty-five interrogatory limit . . which renders reasonableness impotent...." (Doc. #43 at 3). Despite their criticism of defendants' approach, plaintiffs do not demonstrate that their own approach to discovery has been reasonable, nor do they provide the substance of the interrogatories at issue. In their reply, plaintiffs again make the general argument that "[b]ased on the number of Defendants in this case and the complexity of the claims and defenses, this evidence, e.g., discovery requests, responses and related information, is voluminous, complex and nuanced." (Doc. #45 at 3). According to plaintiffs, "it is for this reason, and in particular related judicial economy, that the 'necessity' of a discovery request is not grounds on which the request may be challenged." Id.

This Court disagrees. Fed. R. Civ. P. 26(b)(2)(C) requires the Court to limit the frequency or extent of discovery otherwise allowed under the relevant rules if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). Determinations as to whether the discovery will be permitted under Fed. R. Civ. P. 26(b)(2)(C) are made on a case-by-case basis and, by definition, involve an examination of whether the discovery is necessary and reasonable under the circumstances. See Myers v. Prudential Ins. Co. of Am., 581 F. Supp. 2d 904, 914 (E.D. Tenn. 2008).

Plaintiffs provide the interrogatories at issue for the first time in their reply. The interrogatories consist of the following:

Interrogatory No. 3: Identify by student name on the attached Exhibit A the seat location of each and every student assigned to and/or present in the Charles Kebealo class homeroom period at any time during April 20, 2012.

Answer:

Interrogatory No. 4: Describe the process and any related procedure(s) by which drug testing kits are procured, used and/or disposed of by the Academy? [sic]

Answer:

Interrogatory No. 5: Identify by name, address and telephone number the vendor(s) or other source(s) from which drug kits are procured by the Academy.

Answer:

Interrogatory No. 6: Identify by brand name, or other information identifying the manufacturer, of the drug kit(s) possessed by the Academy on April 20, 2012 and/or on the date of response to this Interrogatory.

Answer:

Interrogatory No. 7: What specific action(s) were taken to obtain the "consent" of JT and/or Phyllis Cummerlander regarding the drug testing of JT on April 20, 2012?

Answer:

Interrogatory No. 8: What specific action(s) were taken by and/or on behalf of the Academy to investigate the allegation that JT smoked marijuana on April 20, 2012?

Answer:

Interrogatory No. 9: Identify any and all source(s) of information, including names, address and telephone number, forming the basis for or otherwise contributing to Academy Disciplinary Matter No. 202697 (dated April 20, 2012) which identifies JT with the " . . . sale or distribution of drugs".

Answer:

(Doc. #45, Ex. 1). Although plaintiffs provide a brief argument concerning what is sought in each interrogatory, they argue only generally that the additional interrogatories are "not unreasonably duplicative and/or cumulative." Id. at 4-5.

Based on the record before it, this Court is unable to determine under Fed. R. Civ. P. 26(b)(2)(C) whether the discovery sought is unreasonably cumulative or duplicative. At a minimum, the Court would need to examine the previous written interrogatories to determine whether this information could have been obtained in the initial twenty-five interrogatories allowed pursuant to Fed. R. Civ. P. 33. Plaintiffs' general arguments suggest a presumption of entitlement to this discovery, likely because it consists of a relatively limited number of

-7-

interrogatories.  Such a presumption, however, runs counter to the fact that this discovery rule, like any other discovery rule requiring the parties to apply for leave of Court, provides this Court discretion to make a determination which is fair and equitable under all the relevant circumstances.  See generally Innomed Labs, LLC v. Alza Corp., 211 F.R.D. 237, 239 (S.D.N.Y. 2002).  Because the record before it is insufficient to allow this Court to determine whether the interrogatories requested are reasonable in light of the other discovery sought in this case, particularly the initial interrogatories, the motion (Doc. #43) will be denied without prejudice to plaintiffs' refiling of their motion with supporting evidence and argument as set forth in Fed. R. Civ. P. 26(b)(2), or, alternatively, an agreement among counsel about this issue.

B. Plaintiffs' Motion to Compel Defendant Pamela Gould to Comply with Plaintiffs' First Discovery Request

The Court now turns to plaintiffs' motion to compel defendant Pamela Gould to compel with plaintiffs' first discovery request.  (Doc. #46).  According to plaintiffs, Ms. Gould is a registered nurse employed by Patriot Academy who falsely claimed that JT's urine tested positive for marijuana, despite having no involvement in its collection and testing.  Plaintiffs deposed Ms. Gould and served her with two discovery requests.  Plaintiffs argue that "Defendant Gould has refused to provide information relevant to her role in the violation of JT's constitutional right against unreasonable search, false accusation of the commission of the crime of marijuana use, and publication of the accusation that J.T. smoked marijuana."  Id. at 3-4 (footnote omitted).

Turning to the specific discovery requests at issue, Interrogatory No. 12 asked, and Ms. Gould responded, as follows:

Interrogatory No. 12:  What action(s) did you take to

-8-

> insure [sic] that the urine specimen provided by JT on April 20, 2013 in which you found marijuana was not contaminated?
>
> Answer:   I did not collect the sample.   Mr. Smith followed the instructions that accompanied the test kit.

In the motion to compel, plaintiffs argue that Ms. Gould's response is evasive and unresponsive "because it does not indicate what actions she took or if none that she took none." (Doc. #46 at 3).  In response, Ms. Gould states that she did not collect the urine sample and, consequently, she cannot "state what action(s) she took to insure [sic] the urine specimen was not contaminated." (Doc. #51 at 2).  Ms. Gould argues that if she were to answer "none," it would imply that she had the opportunity to take any such action.  In reply, plaintiffs contend that Ms. Gould's opposition "simply continues the evasion." (Doc. #55 at 3).

Fed. R. Civ. P. 37(a)(4) provides that an evasive or incomplete disclosure, answer, or response to a discovery request must be treated as a failure to disclose, answer, or respond. Here, the Court finds that Ms. Gould's response is, intentionally or not, evasive.  The Court agrees with plaintiffs that a responsive answer requires Ms. Gould to describe any action she took to ensure that the specimen was not contaminated. Alternatively, if she took no action, a responsive answer would state just that.  Contrary to Ms. Gould's argument, a response stating that she took no action does not imply that she had an opportunity to act and if she wishes to qualify her answer with that information, she is free to do so.  Consequently, pursuant to Fed. R. Civ. P. 37(a)(4), plaintiffs' motion to compel Ms. Gould to respond to Interrogatory No. 12 will be granted.

The Court now turns to Interrogatory Nos. 14, 15, 17, and 18.  Those interrogatories asked, and Ms. Gould responded, as

follows:

> Interrogatory 14: Identify any and all source(s) of information, including names, address and telephone number, forming the basis for or otherwise contributing to your assertion that the "reasonable basis" you referenced during your August 26, 2013 deposition was present with respect to the collecting and testing of the urine specimen provided by JT on April 20, 2012.
>
> Answer: Because I do not have the transcript of my deposition, I cannot answer this question.
>
> Interrogatory No. 15: Describe the "reasonable basis" you referenced during your August 26, 2013 deposition as support for the collection and testing og [sic] the urine specimen JT provided on April 20, 2012.
>
> Answer: Because I do not have the transcript of my deposition, I cannot answer this.
>
> Interrogatory No. 17: Did you consider the negative impact on JT's mental and/or physical health an inaccurate reading of his April 20, 2012 urine specimen for marijuana could present when you participated in the testing of the April 20, 2012 drug test. [sic]  If so, please explain within context of your professed concern for JT's safety and the safety of others.
>
> Answer: I believe I answered questions about this in my deposition.
>
> Interrogatory No. 18: Did you investigate and/or participate in the investigation of the allegation that JT smoked marijuana on April 20, 2012?  If not, why not. If so, what were the results?
>
> Answer: I believe I answered questions about this in my deposition.

Plaintiffs argue that "with respect to Interrogatory Nos. 14, 15, 17 and 18, Defendant refused to comply with the January 16, 2014 informal discovery dispute conference agreement, made at the suggestion of the Magistrate, that the reference [sic] deposition transcript is supplemented with information which permits ready access to the aspect of the transcript the response

-10-

communicates, such as page and line numbers." (Doc. #46 at 4).

In opposition, Ms. Gould states that she supplemented her responses to the interrogatories as follows:

Interrogatory 14: Identify any and all source(s) of information, including names, address and telephone number, forming the basis for or otherwise contributing to your assertion that the "reasonable basis" you referenced during your August 26, 2013 deposition was present with respect to the collecting and testing of the urine specimen provided by JT on April 20, 2012.

Answer: I believe I answered questions about this in my deposition. Please see pages 41 and 42 of my deposition transcript.

Interrogatory No. 15: Describe the "reasonable basis" you referenced during your August 26, 2013 deposition as support for the collection and testing og [sic] the urine specimen JT provided on April 20, 2012.

Answer: I believe I answered questions about this in my deposition. Please see pages 41 and 42 of my deposition transcript.

Interrogatory No. 17: Did you consider the negative impact on JT's mental and/or physical health an inaccurate reading of his April 20, 2012 urine specimen for marijuana could present when you participated in the testing of the April 20, 2012 drug test. [sic] If so, please explain within context of your professed concern for JT's safety and the safety of others.

Answer: I was not asked to assess this. I gave a test kit to the principal when he asked for one. I later looked at the testing medium and wrote an e-mail message stating my impressions of the conditions of the testing medium. I was aware that the principal recommended a more in-depth test be conducted at a laboratory. I had no further involvement.

Interrogatory No. 18: Did you investigate and/or participate in the investigation of the allegation that JT smoked marijuana on April 20, 2012? If not why not. If so, what were the results?

Answer: Please see my response to question #17.

-11-

(Doc. #51 at 3-5).  With respect to Interrogatory Nos. 14 and 15, Ms. Gould claims that her supplemental responses provide the information that plaintiffs requested.  As such, Ms. Gould claims that "Plaintiffs' argument with respect Interrogatory Nos. 14 and 15 is irrelevant." Id. at 4. In response to Ms. Gould's arguments concerning Interrogatory Nos. 14 and 15, plaintiffs argue that Ms. Gould's supplemental responses were untimely and "incomplete because the specific location on the referenced deposition page was not provided, leaving Plaintiffs to guess what her response to the discovery request is." (Doc. #55 at 3).

This Court has reviewed Ms. Gould's responses to Interrogatory Nos. 14 and 15 and finds those responses to be acceptable within the relevant rules.  As noted above, Ms. Gould's revised responses refer plaintiffs to the relevant pages of her deposition.  Plaintiffs do not argue that Ms. Gould provided inadequate answers during the portion of the deposition reflected on those pages, nor do they argue that her deposition testimony inadequately responds to the interrogatories at issue. Instead, plaintiffs merely argue that Ms. Gould's responses should have directed them to the proper lines, rather than pages, of the deposition.  Because this Court finds that Ms. Gould's reference to the specific pages is an acceptable response to the interrogatories asked, plaintiffs' motion to compel Ms. Gould's answers to Interrogatory Nos. 14 and 15 will be denied.

As to plaintiffs' motion to compel answers to Interrogatory Nos. 17 and 18, Ms. Gould argues:

> Plaintiffs claim in their motion to compel that Defendant's responses remain evasive because she did not answer the question "Did you."  Defendant specifically lists the steps that she took with respect to Plaintiff J.T.'s urine specimen.  She states exactly what was asked of her with regard to the urine specimen and the steps she took to fulfill that which she was asked.  Defendant cannot make up an answer that Plaintiffs wish to hear, nor is she required to revise her responses to state,

-12-

"Yes, I did" or "No, I did not."

Id. at 5.  On the ground that "[s]he answered the questions posed," Ms. Gould urges the Court to deny the motion to compel these responses.  Id.  In response, plaintiffs claim that Ms. Gould's responses remain evasive.

The Court agrees with plaintiffs.  As plaintiffs argue, they did not ask what steps Ms. Gould took with respect to the urine sample – the question which is answered by Ms. Gould's responses.  Because Ms. Gould has yet to answer the questions plaintiffs asked and instead provided evasive answers under Fed. R. Civ. P. 37(a)(4), plaintiffs' motion to compel responses to Interrogatory Nos. 17 and 18 will be granted.

The Court now turns to the disputed requests for production of documents.  In Requests No. 2 and 3, plaintiffs requested the following:

> Request No. 2: Any and all documents identifying training and/or education you have undertaken, whether successfully completed or not, with respect to the collection of drug testing specimen(s), including in particular urine specimen.

> Request No. 3: Any and all documents identifying training and/or education you have undertaken, whether successfully completed or not, with respect to the analysis of drug testing specimen(s), including in particular urine specimen.

Ms. Gould's initial response to these requests was that she did "not have such records in [her] possession."  Subsequent to a discovery conference with this Court, however, Ms. Gould produced her college transcript.

In their motion to compel, plaintiffs argue that Ms. Gould improperly refuses to provide authentication for her college transcript.  In opposition, Ms. Gould argues that plaintiffs are requesting a document from a nonparty.  Ms. Gould states that "[i]f Plaintiffs are unsatisfied with [her] participatory

-13-

responses, then they can subpoena the documents from the appropriate nonparty custodian." (Doc. #51 at 6). In reply, plaintiffs "submit that it is inconceivable that the source of the alleged transcript did not reveal its authenticated identity in connection with providing the document" to Ms. Gould. (Doc. #55 at 5). Plaintiffs argue that Ms. Gould must provide this information if her discovery is to be complete.

This Court agrees with Ms. Gould. Ms. Gould obtained and produced a copy of her college transcript. If plaintiffs are dissatisfied with this production and seek additional authenticating documents, the proper way to obtain such documents would be by issuing a subpoena under Fed. R. Civ. P. 45 to the nonparty that they believe possesses such documents. Ms. Gould has indicated that she does not have any additional responsive documents. As such, plaintiffs' motion to compel Ms. Gould to produce documents in response to Requests No. 2 and 3 will be denied.

Turning to plaintiffs' Requests No. 5, 6, and 8, plaintiffs requested, and Ms. Gould responded, as follows:

Request No. 5: Any and all documents regarding and/or related to directions and/or instruction with respect to use of drug testing and/or screening methodology employed with respect to the April 20, 2012 urine specimen provided by JT.

Answer: I do not have the instructions for the test kit used that day.

Request No. 6: Any and all documents and/or other source of information provided to any party, including any Defendant, the Reynoldsburg City School District Board of Education, Ohio Department of Education, Ohio Board of Nursing and/or United States Department of Education, mentioning, regarding and/or otherwise relevant to the Incident.

Answer: I do not have any such documents.

-14-

Request No. 8: Any and all documents containing, mentioning, referencing and/or otherwise regarding the allegation that JT smoked, used, and/or otherwise possessed marijuana on April 20, 2012 provided to and/or received from any party, person and/or entity.

Answer: I do not have any such records.

As to these document requests, plaintiffs argue that Ms. Gould "has refused to provide documents, or a response which speaks to whether responsive documents are, in her custody and/or control." (Doc. #46 at 4). In opposition, Ms. Gould states that she accurately responded to the requests by stating that she does not have any such documents in her custody and/or control. Plainly stated, Ms. Gould argues that she "cannot produce documents that she does not have." (Doc. #51 at 7). In reply, defendants argue:

> When considered with Defendant Gould's response that she does not have drug training and/or background documents she discovered in response to Plaintiffs' observation that she must produce documents under her control, Defendant Gould's argument lack [sic] credibility. Having unsuccessfully attempted to 'game' the discovery rules with evasive "I do not have" reply to Plaintiffs' discovery request for training and/or background documents in her possession, custody and/or control, Defendant Gould's evasive reply to Plaintiffs' request for responsive documents under her control should also fail.

(Doc. #55 at 5). On this basis, plaintiffs request this Court to compel Ms. Gould to provide responsive documents.

Ordinarily, the representation of a party's attorney that no documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate. Consequently, if plaintiffs "do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, their motion to compel must fail." Alexander v. F.B.I., 194 F.R.D. 299, 301 (D.D.C. 2000). Here,

Ms. Gould represented, through counsel, and in a written response to the document requests at issue, that she has no responsive documents.  Plaintiffs make broad arguments alleging that Ms. Gould is participating in gamesmanship in the discovery process, but they do not provide credible evidence that the representation by her counsel is inaccurate.  Of course, counsel have an affirmative obligation to ensure that what their clients tell them is accurate, see Bratka v. Anheuser-Busch Co., Inc., 164 F.R.D. 448, 461 (S.D. Ohio 1995), and the Court presumes that they have discharged their duties in this case accordingly. Consequently, plaintiffs' motion to compel Requests No. 5, 6, and 8 will be denied.

In summary, plaintiffs' motion to compel Ms. Gould to comply with discovery (Doc. #46) will be granted in part and denied in part.  More specifically, plaintiffs' motion to compel Ms. Gould to respond to Interrogatory Nos. 12, 17, and 18 will be granted, and their motion to compel Ms. Gould's answers to Interrogatory Nos. 14 and 15 will be denied.  Plaintiffs' motion to compel Ms. Gould to produce documents in response to Requests No. 2, 3 and 5, 6, and 8 will also be denied.

C. Plaintiffs' Motion to Compel Defendant Patriot Academy

The Court next examines plaintiffs' motion to compel Patriot Academy to supplement its initial disclosures and respond to plaintiffs' first discovery request.  (Doc. #48).  With respect to the initial disclosures, plaintiffs argue that Patriot Academy refuses to provide the names, addresses and/or telephone numbers of each Patriot Academy student present in the classroom in which J.T. allegedly said he smoked marijuana on April 20, 2012. According to plaintiffs, each of these students "is likely, as a consequence of such presence, to have discoverable information, such as whether J.T. said he smoked marijuana and the presence of Defendant Smith in the classroom, that the disclosing party may

-16-

use to support its claims or defenses, such as the claim that J.T. said he smoked marijuana....″ Id. at 4.

In response, Patriot Academy argues that it has no duty to supplement the initial disclosures. Specifically, Patriot Academy argues that the information requested is protected by the Family Educational Rights and Privacy Act of 1974 ("FERPA"), and it has no intention of using it in support of its claims or defenses in this case. On this basis, Patriot Academy urges that the motion for this information should be denied. Plaintiffs did not file a reply brief in support of its motion.

Fed. R. Civ. P. 26(a)(1)(A)(i) requires the disclosing party to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses....″ As noted above, Patriot Academy states that it will not use information from the individuals at issue in support of its claims or defenses in this case. Hence, this information does not fall within the scope of Fed. R. Civ. P. 26, and the Court need not address whether it is protected under FERPA. Because Patriot Academy has no requirement to disclose information that it will not use, plaintiffs' motion to compel supplemental initial disclosures will be denied.

The Court now turns to the portion of plaintiffs' motion that requests this Court to compel Patriot Academy to respond to plaintiffs' first discovery request. More specifically, plaintiffs raise issues with respect to Patriot Academy's responses to Interrogatory Nos. 11, 13, 14, 17, and 20. Plaintiffs also argue that Patriot Academy's response to Request for Admission No. 6 is evasive.

In Interrogatories Nos. 11 and 13, plaintiffs asked, and Patriot Academy responded, as follows:

-17-

Interrogatory No. 11: State the basis for each denial of allegations made in the Complaint, including the identification of each and every document which such statement references or otherwise on which it relies, in any manner whatsoever.

Answer: Defendant objects to this Interrogatory.  It implies that Defendant bears the burden of proving the negative.  Without waiving this objection, Defendant responded to several requests by Plaintiff's [sic] counsel for documentation regarding [JT].  All of the documentation in Defendant's possession is now in the possession of Plaintiff's [sic] counsel.

Interrogatory No. 13: State the basis for each denial of each denied admission, including the identification of each and every document which such statement references or otherwise on which it relies, in any manner whatsoever.

Answer: Defendant objects.  This Interrogatory implies that Defendant bears the burden of proving a negative.  Without waiving this objection, all documentation in Defendant's possession pertinent to [JT] has been produced to Plaintiff's [sic] counsel.

Plaintiffs argue that Patriot Academy's responses to Interrogatory Nos. 11 and 13 are evasive and fail to provide the requested facts.  In opposition, Patriot Academy urges the Court to consider its specific objections as well as its general objections that the requests are overly broad, unduly burdensome, and seek information already produced in discovery.  Patriot Academy further argues that the requests call for "the mental and strategic impressions of legal counsel" and "would require a burdensome process of attempting to identify each document that might form the basis of an unspecified denial or admission and then provide a comprehensive summary of each and every fact, action or occurrence."  (Doc. #53 at 3-4).

This Court first examines Interrogatory No. 11, which requests the basis for Patriot Academy's denial of allegations in the complaint.  It also seeks identification of the documents

-18-

Patriot Academy relied on in making those denials.  In <u>Downs v. Brasted</u>, No. 92-1611-MLB, 1993 WL 273370, at *1 (D. Kansas June 28, 1993), defendants sought relief from having to respond to requests for admission which asked them to admit or deny allegations quoted from each paragraph of the complaint. Defendants also sought relief from having to respond to interrogatories accompanying each request for admission which required defendants to explain a response that was something other than an unqualified admission.  In reviewing defendants' motion for a protective order, the Court found that the proposed requests for admission and interrogatories constituted "an abuse of the discovery process."  The Court stated:

> It is inappropriate for a plaintiff to attempt to require the defendant to admit or deny nearly every paragraph of their complaint. Defendants have filed their answer.  If plaintiffs believe that the answer does not comply with the rules, then plaintiffs can file a motion seeking to have the defendants supplement their answer.  The court can then determine whether or not the answer is sufficient.  However, a plaintiff cannot serve such requests for admission just because he or she believes the answers to be insufficient.

<u>Id.</u>  Consequently, the Court granted the motion for a protective order, finding that defendants did not have to respond to the requests for admission or the interrogatories corresponding to those requests.

The situation presented in this case is slightly different, in that plaintiffs did not seek this information through <u>the</u> requests for admission, but instead posed an interrogatory that relates directly to the denials made in the answer to the complaint.  Nevertheless, the Court finds the <u>Brasted</u> decision to be persuasive.  Patriot Academy has filed its answer, and plaintiffs have not argued that the answer is deficient or fails to comply with the relevant rules.  To require Patriot Academy to explain each denial in its answer and to identify the documents

-19-

that it relied upon in making those denials would be unduly
burdensome.  Consequently, plaintiffs' motion to compel a
response to Interrogatory No. 11 will be denied.

This Court now turns to Interrogatory No. 13, which requests
the basis for each request for admission denied by Patriot
Academy, including the identification of any document Patriot
Academy relied on in making the denial.  Interrogatories which
reference requests for admission are permissible under Fed. R.
Civ. P. 33.  See Dang v. Cross, No. CV 00 13001 GAF(RZX), 2002 WL
432197, at *2 (C.D. Cal. Mar. 18, 2002).  In addition, a
plaintiff may properly use an interrogatory to request that a
defendant identify documents used to support responses to
requests for admission.  See Barrett v. Reynolds, No. 8:12CV328,
2014 WL 1223330, at *2 (D. Neb. Mar. 24, 2014).  Contrary to
Patriot Academy's argument, the requested information is not
privileged or otherwise protected by the work product doctrine.
See Mead Corp. v. Riverwood Natural Res. Corp., 145 F.R.D. 512,
518 (D. Minn. 1992).  Moreover, by its own admission, Patriot
Academy has already produced this information in discovery.
Because the interrogatory is a proper request seeking relevant
information, Patriot Academy will be ordered to supplement its
response to provide the basis for each denial and citation to the
documents responsive to this request.

In Interrogatory No. 14, plaintiffs asked, and Patriot
Academy responded, as follows:

> Interrogatory No. 14: Identify any and all source(s) of
> information, including names, address and telephone
> number, forming the basis for or otherwise contributing
> to Academy Disciplinary Matter No. 202697 (dated April
> 20, 2012) which identifies JT with the "use, possession,
> sale or distribution of drugs".
>
> Answer: Please see the response to Interrogatory #2, the
> testimony of Sean Smith, and the documents which
> previously were produced to Plaintiff's [sic] counsel

before suit was filed.

In their motion, plaintiffs request that Patriot Academy identify the location of the testimony in the referenced deposition transcript and identify specifically the documents referenced.  In opposition, Patriot Academy argues that its response is adequate because plaintiffs' request is for "sources," which it identified.  Id. at 4.  The Court agrees that Patriot Academy's answer to plaintiffs' request for the sources of information is responsive.  Accordingly, plaintiffs' motion to compel Patriot Academy to provide a supplemental response to Interrogatory No. 14 will be denied.

In Interrogatories Nos. 17 and 20, plaintiffs asked, and Patriot Academy responded, as follows:

> Interrogatory No. 17: What specific characteristics did the urine specimen JT provided on April 20, 2012 display in support of the conclusion that the specimen was positive for marijuana?
>
> Answer: Please see the testimony of Defendant Sean Smith and Pamela Gould, provided in their depositions.
>
> Interrogatory No. 20: Identify by name, address, and telephone number(s) any and all persons, including Academy staff and/or students, with whom the Incident was discussed and/or to whom the incident, including in particular the expulsion of JT, was disclosed.
>
> Answer: Defendant objects to this Interrogatory in that it makes inaccurate assumptions.  Plaintiff [JT] was not expelled.  Without waiving this objection, Defendants Smith and Gould have testified in their depositions regarding with whom they discussed the "Incident." [JT] and Phyllis Cummerlander discussed the "Incident" with Yolanda Oulds-Briggs, Debra Toyloy and James Duff.  Ms. Toyloy and Mr. Duff have testified regarding their interactions with [JT] and Ms. Cummerlander.  Joseph Tann wrote to the Reynoldsburg School District, the Ohio Department of Education and the United States Department of Education, and Defendant responded to inquiries from those agencies.

Plaintiffs argue that Patriot Academy's response to Interrogatory No. 17 is evasive and unresponsive.  More specifically, plaintiffs again argue that "[t]he reply references testimony and documents without adequately identifying the referenced testimony and documents." (Doc. #48 at 5).  Plaintiffs also argue that defendants' reply to Interrogatory No. 20 "references testimony provided by Defendants Gould and Smith without the locations specifics....." Id.  In response, Patriot Academy states that it will revise and resubmit its responses to direct plaintiffs to the relevant portion of the deposition transcript.  Given that Patriot Academy has agreed to revise and resubmit its responses to Interrogatories Nos. 17 and 20, plaintiffs' motion to compel this information will be denied as moot.

Turning to plaintiffs' Request for Admission No. 6, plaintiffs asked, and Patriot Academy responded, as follows:

> Admission No. 6: Academy has and/or is aware of no evidence of any nature whatsoever that JT possessed drugs, e.g., marijuana, for "sale or distribution" on April 20, 2012.

> Answer: Defendant objects, for the purported quotation from the discipline record is incomplete and inaccurate, and therefore misleading.  Without waiving this objection, Defendant admits that it does not know if [JT] sold or distributed marijuana on April 20, 2012.

Plaintiffs argue that Patriot Academy's response is evasive.  According to plaintiffs, "[t]he admission is with respect to concrete and unambiguous 'evidence' not the vague and ambiguous what Defendant 'knows.'" (Doc. #48 at 5).  In opposition, Patriot Academy argues:

> the request is not the type of categorical request benefitting a request for admission.  The request is both conjunctive and disjunctive and contains an unattributed quotation.  On its face the form of the request is objectionable.  Nonetheless, Defendant Academy ventured

-22-

an answer admitting a lack of knowledge.

(Doc. #53 at 5).  On this basis, Patriot Academy urges that its objection to the request should be well taken.

This Court agrees with plaintiffs and finds the answer unresponsive.  The request pertains to evidence that JT possessed drugs.  It does not seek information about Patriot Academy's knowledge as to whether JT sold or distributed marijuana on April 20, 2012.  Simply put, if Patriot Academy is aware of no evidence that JT possessed drugs on April 20, 2012, it must admit the request.  On the other hand, if it has or is aware of evidence that JT possessed drugs on April 20, 2012, Patriot Academy must deny the request.  Because Patriot Academy's answer to this request is unresponsive, plaintiffs' motion to compel the requested information will be granted.

In summary, plaintiffs' motion to compel Patriot Academy to comply with discovery is granted in part and denied in part. (Doc. #48).  Specifically, plaintiffs' motion to compel supplemental initial disclosures and responses to Interrogatory Nos. 11, 14, 17, and 20 will be denied.  However, plaintiffs' motion to compel Patriot Academy to respond to Interrogatory No. 13 and Request for Admission No. 6 will be granted.

### D. Defendants' Motion to Compel

The Court now turns to defendants' motion to compel.  (Doc. #47).  In the motion, defendants move this Court to compel plaintiffs to produce evidentiary materials relating to their alleged damages.  More specifically, defendants request plaintiffs to:

> (1) provide proper and substantive responses to Defendants' discovery requests concerning Plaintiffs' damages (i.e., Interrogatory #2 and Document Requests Nos. 6, 8, & 9, propounded on each Plaintiff); (2) permit inspection and copy of all records alluded to in Plaintiffs' initial disclosures; and/or (3) simply indicate "no such documents are in plaintiffs' possession

-23-

or under their control" where that is the case.

Id. at 2-3.  Plaintiffs' counsel made a settlement demand of 1.5 million dollars on January 1, 2014.

In Interrogatory No. 2, defendants asked, and plaintiffs responded, as follows:

> Interrogatory No. 2: Itemize and show how you calculate all losses, expenses, or other damages which you claim were incurred by you or on your behalf as a result of the allegations contained in your Complaint, including, but not limiting your answer to, those losses or expenses that are attributable to lost wages and benefits, legal expenses and court costs, as a result of the alleged actions of Defendants.
>
> JT's Answer: To the extent this information, if any, is not privileged, Plaintiffs have not yet calculated "all losses, expenses, or other damages". Pending discovery may be relevant to this determination.
>
> Ms. Cummerlander's Answer: To the extent this information is not privileged work product, this calculation has not yet occurred due in large part to the absence of necessary variables.

Defendants claim that months later, after significant discovery has taken place, "Plaintiffs have not supplemented their answers, despite multiple requests to do so." Id. at 3. Defendants argue that, aside from listing categories of damages in their supplemented initial disclosures, plaintiffs have failed to provide any specific information regarding their alleged damages. On this basis, defendants seek an order compelling plaintiffs to respond to Interrogatory No. 2.

Defendants also claim that plaintiffs have refused to provide proper responses to Document Request Nos. 6, 8, and 9. In those requests, defendants asked, and plaintiffs responded, as follows:

> Request No. 6: Any and all "document(s)" as defined herein relating in any way to your claim that Defendants, one or more of them, inflicted emotional distress upon

-24-

you.

JT's and Ms. Cummerlander's Answer: None apart from
privileged documents, if any, and/or those provided by
Defendants. Will provide agreed on medical
information/records authorization.

Request No. 8: Any and all "document(s)" as defined
herein relating in any way to your claim that you
suffered harm as a result of acts or omissions of
Defendants, or any one or more of them.

JT's and Ms. Cummerlander's Answer: None apart from
privileged documents, if any, and/or those provided by
Defendants. Will provide agreed on medical
information/records authorization.

Request No. 9: Any and all "document(s)" as defined
herein relating in any way to the damages you seek.

JT's and Ms. Cummerlander's Answer: None apart from
privileged documents, if any, and/or those provided by
Defendants. Will provide agreed on medical
information/records authorization.

According to defendants, plaintiffs have produced no documents
responsive to these requests.  Defendants argue that plaintiffs
"simply indicate that they have provided Defendants access to a
portion of their medical records and Defendants should be able to
figure out who paid for what, what was not reimbursed, and which
items are claimed as damages caused by one or more Defendant."
Id. at 5.  Defendants move this Court to issue an order
compelling "proper and substantive responses" to the requests, on
the ground that "they should not have to guess as to what medical
records or other documents may be responsive to these requests."
Id.

Defendants argue that, although plaintiffs' supplemental
disclosures indicate that plaintiffs will make documents relating
to their damages available, plaintiffs have not allowed
defendants access to those documents.  More specifically,

-25-

defendants claim they have tried to arrange to inspect the documents referenced in plaintiffs' supplemental initial disclosures, but plaintiffs' counsel "has been evasive and refused to permit inspection." Id.  Consequently, defendants seek an order compelling plaintiffs to provide dates for inspection and copying, or to provide true and correct copies of the documents to them.

Plaintiffs oppose the motion, arguing that it seeks protected work product as well as "medical/counseling records" that were "already provided and/or made available" to defendants. (Doc. #54 at 3).  Plaintiffs claim that "[i]n all other respects, the vagueness of the Motion precludes a response and compels denial." Id.  Plaintiffs likewise argue that the motion "serves no legitimate purpose," "because Defendants need not include unsubstantiated damages in their settlement offer or counter offer calculations and may seek this Court's permission to preclude damages information requested by Defendants and not provided by Plaintiffs from trial...." Id. at 3-4.

In reply, defendants argue that, although the mental impressions and interpretation of evidence made by plaintiffs' counsel may be protected, "the evidence itself is not." (Doc. #61 at 2).  Despite plaintiffs' arguments to the contrary, defendants maintain that plaintiffs' initial disclosures and discovery responses remain incomplete and in violation of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 26(a)(1)(A)(iii) requires plaintiffs to provide defendants with "a computation of each category of damages claimed."  It also requires plaintiffs to:

> make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

<u>Id.</u>  In their supplemental initial disclosures, plaintiffs state the following with respect to the damages claimed in their complaint:

> The damages claimed by Plaintiffs include the cost of attending to the physical, mental and other personal consequences which Plaintiffs suffered and continue to suffer as a result of the deprivation of constitutional rights, defamation, infliction of emotional distress and accusation of committing a crime perpetrated by Defendants, consequential damages unknown at this time, punitive damages, costs and attorney's fees.  On the basis of Plaintiffs [sic] review of relevant statutes, such as 42 U.S.C. 1981a, and 42 U.S.C. 1988, case law, such as <u>*State Farm Mutual Automobile Insurance Co. vs. Campbell, et al.*</u>, 538 U.S. 408 (2003), and relevant jury awards, Plaintiffs [sic] damages consist of (1). medical, [sic] and counseling costs access to which Plaintiffs have authorized Defendants of; (2). mental anguish, anxiety and/or emotional distress of $700,000 ($350,000 for each Plaintiff); (3). punitive damages of $2.1 million ($1,050 million for each Plaintiff); and (4). attorney fees yet to be determined.  To the extent not privileged, documents and other evidentiary material relating to the computation of damages, if any, are available for inspection.

In this case, plaintiffs do not provide a computation of each category of damages they claim, nor do they specify the documents relied on in reaching their alleged damages.  Consequently, plaintiffs will be ordered to comply with Fed. R. Civ. P. 26(a) fully by disclosing a calculation of alleged damages for each category asserted with documentary support.  If, as plaintiffs claim, they have already produced all relevant documents not protected by privilege or the work product doctrine, plaintiffs should direct defendants to the relevant documents produced in discovery.  If plaintiffs fail to comply with this order, they will be precluded from offering any damages evidence not produced in discovery or any damage calculation not based on documents produced in discovery.  <u>See</u> <u>Richmond v. General Nutrition Ctrs., Inc.</u>, No. 08 Civ. 3577(PAE)(HBP), 2012

-27-

WL 762307, at *8 (S.D.N.Y. Mar. 9, 2012).  Consequently, defendants' motion to compel a proper response to initial disclosures will be granted.  Because the additional discovery sought by defendants seeks the same information required by Fed. R. Civ. P. 26(a), the remainder of defendants' motion will be denied as moot.

E. <u>Defendants' Motion for Extension of Time</u>

Last, the Court examines defendants' motion to extend the expert disclosure deadline. (Doc. #49). Defendants make three arguments in support of their motion. First, defendants state that they have had difficulty obtaining records from plaintiffs' physicians. Next, defendants claim that they have not had an opportunity to depose Lyndsy Carson, a registered nurse, who proffered testimony about an alleged photo of the initial drug test administered by Patriot Academy. Finally, defendants claim that they agreed to delay taking plaintiffs' depositions to accommodate the academic calendar, so that they could occur over spring break. Defendants request that the deadline for disclosure of its experts be extended until May 31, 2014. Plaintiffs oppose the motion, arguing that there is no good cause for extending the deadline, and defendants have not been diligent in pursuing discovery. In reply, defendants maintain that there is good cause for extending the deadline.

There is no question that, in order to obtain relief from a deadline set in an order pursuant to Fed. R. Civ. P. 16(b), the party asking for an extension must show good cause. That good cause showing usually takes the form of evidence that, despite the exercise of reasonable diligence, the party was unable to meet the date. <u>Deghand v. Wal-Mart Stores</u>, 904 F. Supp. 1218, 1221 (D. Kan. 1995). Although lack of prejudice to the opposing party is also a consideration, it is not the deciding factor. <u>Tschanz v. McCann</u>, 60 F.R.D. 568, 571 (N.D. Ind. 1995).

In this case, as in any case in which the Court is asked to extend deadlines, the Court must use its sound and practical judgment in deciding if, based on the circumstances presented, defendants have been sufficiently diligent to justify extending the schedule. Here, the evidence reflects that defendants have experienced some delay in receiving medical records. For

-29-

example, the record reflects that defendants received the medical authorization from plaintiffs on January 18, 2014, they issued a subpoena for records on February 11, 2014, but they did not receive the requested records until March 18, 2014.  The record also reflects that, despite efforts to do so, defendants have not yet had an opportunity to depose Lyndsy Carson.  More significantly, however, defendants demonstrate that, despite due diligence, they were unable to depose plaintiffs until April 18, 2014.  Based on the foregoing, defendants have provided this Court with ample support demonstrating that they were diligent in trying to meet the Court's deadline.  Consequently, defendants' motion to extend the expert disclosure deadline until May 31, 2014 will be granted.  (Doc. #49).

III.  <u>Conclusion</u>

For the reasons set forth above, the Court makes the following findings:

Plaintiffs' motion for leave to serve additional interrogatories instanter (Doc. #43) is denied without prejudice to plaintiffs refiling the motion with supporting evidence and argument as set forth in Fed. R. Civ. P. 26(b)(2);

Plaintiffs' motion to compel Ms. Gould to comply with discovery is granted in part and denied in part.  (Doc. #46).  Specifically, plaintiffs' motion to compel Ms. Gould to respond to Interrogatory Nos. 12, 17, and 18 is granted.  Ms. Gould shall respond to those interrogatories within 10 days of the issuance of this Opinion and Order.  Plaintiffs' motion is denied to the extent that it seeks to compel Ms. Gould's answers to Interrogatory Nos. 14 and 15 and documents in response to Requests No. 2, 3 and 5, 6, and 8;

Plaintiffs' motion to compel Patriot Academy to comply with discovery is granted in part and denied in part.  (Doc. #48).  Specifically, plaintiffs' motion to compel supplemental initial disclosures and responses to Interrogatory Nos. 11, 14, 17, and 20 is denied.  However, plaintiffs' motion to compel Patriot Academy to respond to Interrogatory No. 13 and Request for Admission

No. 6 is granted. Patriot Academy shall respond to Interrogatory No. 13 and Request for Admission No. 6 within 10 days of the issuance of this Opinion and Order;

Defendants' motion to compel plaintiffs to produce evidentiary materials related to their alleged damages is granted in part and denied in part. (Doc. #47). Specifically, defendants' motion to compel a proper response to initial disclosures is granted. Plaintiffs shall provide responsive disclosures within 10 days of the issuance of this Opinion and Order. Because the additional discovery sought by defendants requests the same information required by Fed. R. Civ. P. 26(a), the remainder of defendants' motion is denied as moot; and

For good cause shown, defendants' motion to extend the expert disclosure deadline is granted. (Doc. #49). The deadline for disclosure of defendants' experts is extended until May 31, 2014.

## IV. <u>Motion to Reconsider</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.


<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge