```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Phyllis Cummerlander, et al.,   :
                                            Case No. 2:13-cv-0329
        Plaintiffs,              :
                                            JUDGE ALGENON L. MARBLEY
    v.                           :
                                            Magistrate Judge Kemp
Patriot Preparatory Academy,
    et al.,                      :

        Defendants.              :

ORDER

This case is before the Court to consider Plaintiffs' motion for sanctions. Plaintiffs filed the motion because, in their view, Defendants did not comply with the Court's order regarding how the June, 2014 Settlement Week mediation conference was to be conducted. The motion is fully briefed. For the following reasons, the Court will deny the motion for sanctions.

The issue raised by Plaintiffs is whether Defendants made a reasoned settlement offer and whether they violated the Court's order that all parties be present at the conference, which was held before a volunteer attorney mediator. Plaintiffs' motion is not accompanied by an affidavit or declaration as to the facts which support the motion; the only attachment to the motion is a copy of Defendants' settlement week mediation position statement (something, incidentally, not usually filed as part of the record). The statement is four pages in length, sets out the facts of the case, and communicates a settlement offer with an explanation for why that amount was appropriate. Plaintiffs supplemented their motion with a copy of their revised settlement demand.

In response, Defendants filed a memorandum and an affidavit

from their counsel, D. Wesley Newhouse, which state the following.  Defendants obtained settlement authority from the insurer for Patriot Preparatory Academy prior to the conference.  Sean Smith, who is both a defendant and a representative of the Academy, attended the conference along with counsel.  Plaintiffs' counsel did raise an issue about the non-attendance of the other defendants, all but one of whom are or were employees of the Academy (the other defendant is a former Academy student and classmate of Plaintiff J.T.), but proceeded with the mediation in their absence.

   The reply memorandum is accompanied by an affidavit from Plaintiffs' counsel, Joseph S. Tann, Jr.  Mr. Tann's affidavit primarily addresses issues raised in Mr. Newhouse's affidavit which long pre-dated the mediation conference in question and does not shed much light on Plaintiffs' claim that Defendants should be sanctioned in connection with the June, 2014 conference.

   Despite the absence of evidence supporting Plaintiffs' claim that not all of the Defendants attended the mediation, Defendants appear to concede that fact.  They do not offer any real explanation for the failure, or the fact that they did not advise Plaintiffs in advance that they would not all be attending.  That is at least a technical violation of the Court's order.  The Court does not see a violation in the way the response was structured or supported, however.  Consequently, the issue is whether it would be appropriate to sanction those Defendants who did not attend the conference in person.

   The Court does not lightly condone noncompliance with its settlement week orders.  They are designed to insure that meaningful negotiations take place, in an atmosphere of fairness to all parties, and in a way that does not waste the time of the mediators who volunteer their services to the Court and the

litigants.  Widespread disregard of settlement week orders could undermine the entire process.  Sanctions are a way to enforce general deterrence against parties' choosing, for their own reasons and without reference to the Court-ordered requirements or the need to ask for advance permission, not to follow the rules.

On the other hand, the point of the Court's order is to maximize the chance that a meaningful mediation will occur.  It is true that the Court cannot know with certainty that the failure of a party to attend a mediation conference was inconsequential in terms of whether meaningful discussion occurred, but in some cases, that is a fair inference to be drawn.  Here, given the magnitude of the difference in the parties' positions, and the fact that the demand was lodged against the Defendants, collectively, the failure of some individual defendants to attend in person seems unlikely to have affected the outcome of the conference.

Courts which have imposed severe sanctions for violations of mediation orders usually point to repeated misconduct or evidence of bad faith as a justification for such sanctions, such as when a party unilaterally "cancels" a mediation scheduled by the Court, see Empire, Inc. v. Wal-Mart Stores, Inc., 188 F.R.D. 478 (E.D. Ky. Aug. 9, 1999) or consistently fails to abide by mediation orders, see Raad v. Wal-Mart Stores, Inc., 1998 WL 272879 (D. Neb. May 6, 1998), or when a party attempts to get the mediation order modified and, when unsuccessful, chooses not to comply anyway.  See Universal Cooperatives, Inc. v. Tribal Co-op. Marketing Development Federation of India, Ltd., 45 F.3d 1194 (8th Cir. 1995).  While it is true that sanctions for violation of a court order do not depend on a finding of bad faith, that is one factor to be considered in determining if sanctions are needed, as is the prejudice to the opposing party.

This is an admittedly close case.  Defendants' sole excuse for not complying with the mediation order (Doc. 64, incorporating the language in Doc. 65), which expressly states that "[e]ach party ... must attend" is that Plaintiffs "have identified no reason why each of the Defendants needed to be in attendance at the mediation ...."  Doc. 73, at 2.  Complying with a court order is certainly a reason, and Defendants have not justified their noncompliance.  However, the Court's order also states that "any failure to comply with those requirements *which results in the needless expenditure of the resources of the opposing party*" (emphasis supplied) will result in sanctions.  That does not appear to have happened.  Given that parties in this Court generally comply with the mediation orders issued by the Court, and that some of the Defendants (who, again, received a settlement demand as a group rather than individually), attended and participated in a mediation that was very unlikely to produce either a settlement or even any significant movement on either side, the Court chooses not to award sanctions at this time.  In the future, however, these and other parties who fail to honor the Court's mediation orders may well face sanctions if for no other reason than to discourage such behavior and to uphold the integrity of the Court's orders.

For these reasons, the motion for sanctions (Doc. 71) is denied.

### Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections

are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge